|  | FILED |
|---|---|
| UNITED STATES DISTRICT COURT<br>FOR THE WESTERN DISTRICT OF TEXAS<br>AUSTIN DIVISION | August 13, 2024<br><br>_____sl_____ |

| | |
|---|---|
| EIREOG INNOVATIONS LTD.,<br><br>                Plaintiff,<br><br>      v.<br><br>DELL TECHNOLOGIES INC. and DELL INC.,<br><br>                Defendants. | Case No. 1:24-cv-00416-DII<br><br>**JURY TRIAL DEMANDED** |

**AGREED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

    1. The party asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **July 26, 2024**, and each opposing party shall respond, in writing, on or before **August 9, 2024**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorneys' fees and costs at the conclusion of trial.

    2. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **August 16, 2024**.

    3. The parties shall serve initial disclosures on or before **August 16, 2024**. Aside from the "sufficient to show" documents to be produced as part of the parties' infringement and invalidity contentions (*see* Paragraph 5, below), the parties shall not be required to provide discovery until

one business day after the Court issues its *Markman* order, except as set forth below in Paragraph 9 and footnote 1, relating to third parties.

4. On or before **September 20, 2024**, Plaintiff Eireog Innovations Ltd. ("Eireog") shall serve a disclosure of asserted claims where such asserted claims are limited to no more than ten claims from each patent and not more than a total of 50 claims and preliminary infringement contentions (and accompanying document production) containing the following information: a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found; the priority date that Plaintiff contends each asserted claim is entitled to, along with all evidence supporting that priority date; a copy of the file history for the patent-in-suit. To the extent Plaintiff Eireog seeks to amend its contentions to add additional patent claims, Plaintiff Eireog must seek leave of Court so the Court can address any scheduling and procedural issues.[1]

5. On or before **November 20, 2024**, Defendants Dell Technologies Inc. and Dell Inc. ("Dell") shall serve its preliminary invalidity contentions in the form of claim charts setting forth where in the prior art references each element of the asserted claim(s) are found. Dell shall also include an identification of any limitations that Dell contends are indefinite or lack written description under 35 U.S.C. § 112, and an identification of any claims that Dell contends are directed to ineligible subject matter under 35 U.S.C. § 101. Dell shall also produce all prior art referenced in the invalidity contentions and technical documents sufficient to show the operation of the accused products. Dell shall not be required to produce source code, to the extent it exists

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material.

in Dell's possession, custody, or control, except in response to requests for production served after fact discovery opens per Paragraph 9, below.

6. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **October 11, 2024**.

7. The parties propose that this case be consolidated with Case No. 1:24-cv-00644-DII (W.D. Tex.) ("*HP* action") and Case No. 1:24-cv-00697-DII (W.D. Tex.) ("*Oracle* action") for purposes of claim construction only. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **April 11, 2025**.

8. The following schedule shall apply to claim construction proceedings in this case:

    a.    On or before **January 6, 2025**, the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f).

    b.    On or before **January 20, 2025**, the parties shall concurrently exchange proposed constructions.

    c.    On or before **January 27, 2025**, the parties shall exchange a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and a preliminary identification of any expert witnesses they contend support their respective claim constructions. With respect to any expert witness, the parties must also provide a brief description of the substance of that witness' proposed testimony.

d. On or before **January 31, 2025**, the parties shall meet and confer to narrow the terms in dispute.

e. On or before **February 28, 2025**, Dell shall file its Opening Claim Construction Brief with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be 45 pages, exclusive of the caption, signature block, any certificate, and exhibits.

f. On or before **March 21, 2025**, Eireog shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Brief shall be 45 pages, exclusive of the caption, signature block, any certificate, and exhibits.

g. On or before **April 4, 2025**, Dell shall file its Reply Claim Construction Brief with supporting evidence. The page limit for the Reply Claim Construction Brief shall be 21 pages, exclusive of the caption, signature block, any certificate, and exhibits.

h. On or before **April 18, 2025**, Eireog shall file its Sur-Reply Claim Construction Brief with supporting evidence. The page limit for the Sur-Reply Claim Construction Brief shall be 15 pages, exclusive of the caption, signature block, any certificate, and exhibits.

i. On or before **May 13, 2025**, the parties may submit optional technical tutorials to the Court.

> j. On **May 23, 2025,** or on a date most convenient for the Court, the Court shall hold a *Markman* hearing.

9. Fact discovery as between the parties shall be stayed until one business day after the Court issues its *Markman* order so long as Dell agrees to assist Eireog in identifying the relevant third parties (including identification of the relevant Intel and AMD components) for document discovery and discovery of documents and things from third parties is open.

10. On or before **6 weeks after the Court's claim construction order**, the parties shall concurrently serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to reasonably amend if new information is identified after initial contentions. Eireog's Final Infringement Contentions shall not add new patents or patent claims.

11. The parties shall complete fact discovery on or before **March 10, 2026**.

12. All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) (i.e., burden of proof expert reports) on or before **March 17, 2026**. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) (i.e., rebuttal expert reports) on or before **April 14, 2026**.

13. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, **within 20 days** from the receipt of the written report of the expert's proposed testimony, or **within 20 days** from the completion of the expert's deposition,

if a deposition is taken, whichever is later. Each motion shall be limited to 20 pages, and the parties are allowed one motion per expert. Each response shall be filed and served on all other parties not later than 14 days after the service of the motion(s) and each response shall be limited to 20 pages. Each reply shall be filed and served on all other parties not later than 7 days after the service of the response and each reply shall be limited to 10 pages.

14. All dispositive motions shall be filed on or before **May 26, 2026** and shall be limited to 20 pages per motion. Each party's summary judgment motions shall not exceed 60 pages collectively, excluding attachments. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 20 pages per motion. A nonmovant's responses to a party's summary judgment motions shall not exceed 60 pages collectively, excluding attachments. Reply briefing shall be filed and served on all other parties not later than 7 days after the service of the response, and shall not exceed 20 pages collectively, excluding attachments. Surreply briefing shall be filed and served on all other parties not later than 7 days after the service of the reply, and shall not exceed 20 pages collectively, excluding attachments. The Court need not wait for the reply before ruling on the motion.

15. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

**16. The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

17. This case is set for ___Jury___ trial commencing at 9:00 a.m. on ___September 28___, 20_26_. Jury selection may occur the Friday before the case is set for trial.

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

Signed on ___August 13___, 2024.

_____
UNITED STATES DISTRICT JUDGE
ROBERT PITMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| _____, <br>    Plaintiff(s), <br> v. <br> _____, <br>    Defendant(s). | § § § § § § § § § § § | 1:\_\_-CV-\_\_\_\_-RP |

**NOTICE CONCERNING REFERENCE TO**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

  In accordance with the provisions of 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and the Local Rules of the United States District Court for the Western District of Texas, the following party _____

through counsel _____

  \_\_\_ consents to having a United States Magistrate Judge preside over the trial in this case.

  \_\_\_ declines to consent to trial before a United States Magistrate Judge.

                Respectfully submitted,

                _____

                Attorney for:

                _____