THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EIREOG INNOVATIONS LTD.,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC. and DELL INC.,<br><br>Defendants. | Case No. 1:24-cv-00416-ADA<br><br>**JURY TRIAL DEMANDED** |

## ORDER REGARDING DISCOVERY DISPUTE

On January 15, 2026, Plaintiff EireOg Innovations Ltd. ("EireOg" or "Plaintiff") and the Defendants Dell Technologies Inc. and Dell Inc. (collectively, "Dell") submitted a discovery dispute to the Court. The parties' arguments were as follows:

### I.  EireOg's Position

EireOg Innovations, Ltd. ("EireOg") moves for a protective order to protect Mr. Gerald Padian ("Padian") from further duplicative depositions. There are several parallel cases pending in WDTX and EDTX between EireOg and defendants involving the same asserted patents. Padian has already been deposed for three days in these cases by WilmerHale who represents all of the WDTX defendants, most of the EDTX defendants (and Intel, the implicated chip supplier) who now seeks a fourth and fifth deposition day with him. The information Padian possesses is common to all of these cases and additional depositions are duplicative given the existing testimony.

The defendants in WDTX (Amazon, Dell, and Oracle) seek additional deposition time with Padian which EireOg agrees to in concept but requests coordination – in other words, defendants take one more deposition (the fourth day) for the remaining three defendants. While WilmerHale agrees on behalf of two

defendants the remaining one, Amazon represented by the same lawyers, refuses to coordinate efforts ultimately seeking a fifth day of deposition, on the same issues, as to the same information.

Padian is an EireOg board member and has served as its FRCP 30(b)(6) deponent in the previous depositions. Padian was deposed for two days on February 25th and 26th, 2025, in connection with *EireOg v Cisco*, Case No. 2:24-cv-224 (EDTX) (Lead Case). Subsequently, Padian was deposed for another day on October 1, 2025, in connection with *EireOg v. Lenovo Group Ltd*., Case No. 2:24-cv-239 (Lead Case). These depositions were closely coordinated. Indeed, rather than designating the first exhibit of the third deposition day as "Exhibit 1," counsel designated the exhibits to continue in sequence from the February deposition days. WilmerHale also seeks to "cross use" all of the depositions from the various cases in each case which is inconsistent and contrary to its refusal to coordinate the remaining defendants in the fourth deposition day.

Defendants seek to depose Padian again, without providing what information they are "missing" and while EireOg tentatively agrees to a fourth deposition it requested agreement that the three remaining defendants coordinate to minimize the burden such that the deposition "be taken once for your three remaining WDTX cases/clients" and for a limited number of hours. (B. Cooper email dated Jan. 2, 2026.)

Earlier this week, WilmerHale stated without reasoning that Dell and Oracle were agreeable to the proposal but Amazon was not. Amazon fails to justify the burden involved in presenting Padian for a fifth deposition particularly given the minimal (if any) Amazon specific information that EireOg or he possess. Neither in email nor during the meet and confer process did WilmerHale identify anything specific that Padian might state in a fifth deposition day that cannot be covered in the fourth day.

**Requested Relief**: EireOg respectfully requests that WilmerHale take Padian's deposition for a fourth day on behalf of its remaining clients (Amazon, Dell, and Oracle); require Dell and Oracle to coordinate the deposition with Amazon; and preclude Amazon from later seeking a fifth deposition day without good cause.

**II.     Dell's Position**

EireOg—whose sole business is attempting to license patents via litigation—made the strategic decision to file numerous separate lawsuits against different defendants in different jurisdictions (all of which allege infringement based on components supplied by third-party Intel). EireOg now tries to avoid the natural consequences of that decision by seeking a "protective order" to curtail depositions of its Board member, corporate representative, and only individual associated with EireOg on its initial disclosures, Mr. Padian. EireOg's request should be denied.

In response to a deposition notice from Oracle, EireOg stated that Mr. Padian was available for deposition on January 14 or 16 (the last day of fact discovery in both the Dell and Oracle matters). However, EireOg attempted to condition Mr. Padian's appearance on the deposition "occur[ing] efficiently by not covering the same material again for a half day" and the deposition "be[ing] taken once for" Oracle, Dell, and AWS.

Dell has been more than reasonable. It has agreed (1) to cross-use Mr. Padian's prior 30(b)(6) testimony on behalf of EireOg from EDTX; (2) to conduct a single, combined deposition of Mr. Padian in the matters against Dell and Oracle, which are *not* consolidated for discovery (but are on similar schedules); and (3) will agree to limit that combined deposition to four hours.

Notwithstanding Dell's reasonableness, EireOg now refuses to produce Mr. Padian during the fact discovery period because AWS, whose case is unrelated and whose discovery schedule remains open for six more months, will not also participate.

EireOg's refusal to produce Mr. Padian is unfounded. Dell (and each of the defendants) has a right to depose Mr. Padian, who indisputably has relevant information, and is not required to identify ahead of time for EireOg the information for which it seeks to do so. As discussed above, Dell has already agreed not to retread ground and to cross-use already given testimony. There is simply no basis on which to deny Dell a timely deposition of Mr. Padian because another Defendant also wishes to exercise its right to depose Mr. Padian on its own timeline in accordance with its own case schedule.

EireOg's proposal to force Dell to coordinate with AWS is unreasonable and would tether Dell to AWS's extended schedule. EireOg claims burden but offers no specifics. Meanwhile, EireOg's last-minute refusal to produce Mr. Padian for deposition—days before the close of discovery—has and will prejudice Dell if other deadlines are not adjusted to account for the delay caused by EireOg's gamesmanship.

**Requested Relief:** Deny EireOg's motion for protective order; and order EireOg to produce Mr. Padian for deposition in the Dell and Oracle cases by a date certain, even if taken out of time of the fact discovery period, and extend expert discovery period commensurate with the delay caused by EireOg's refusal to timely schedule Mr. Padian's deposition during fact discovery (e.g., opening reports due at least four days after the date of Mr. Padian's deposition).

### III.    The Court's Ruling

This Court, having considered the parties' dispute hereby ORDERS the following:

1. EireOg is ORDERED to produce Mr. Padian for deposition in its case against Amazon Web Services ("AWS") (*EireOg Innovations Ltd. v. Amazon Web Services, Inc.*, No. 1:25-cv-00552-ADA), separate from EireOg's separately filed cases against Oracle Corporation ("Oracle") (*EireOg Innovations Ltd. v. Oracle Corp.*, No. 1:24-cv-00697-ADA) and Dell (*EireOg Innovations Ltd. v. Dell Technologies Inc. and Dell Inc.*, No. 1:24-cv-00416-ADA), should AWS serve a timely deposition notice.

2. EireOg also is ORDERED to produce Mr. Padian for deposition in the Oracle and Dell cases.

SIGNED this 22nd of January, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE